12-1820-cr
United States v. Henry

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand thirteen.

PRESENT:  REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          JOHN F. KEENAN,
                    *District Judge*.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

                v.
                                                No. 12-1820-cr

RASHEEM HENRY,
                    *Defendant-Appellant.*

---------------------------------------------------------------------

FOR APPELLANT:              Michele Hauser, Esq., New York, New York.

FOR APPELLEE:               David C. James, Daniel S. Silver, Assistant
                            United States Attorneys, *for* Loretta E. Lynch,
                            United States Attorney for the Eastern District of
                            New York, Brooklyn, New York.

---

* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from an order of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 25, 2012, is AFFIRMED.

Rasheem Henry was convicted in 2007 of being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), a crime he committed while on parole for his underlying New York State robbery conviction. Sentenced to 37 months' incarceration and three years' supervised release on the § 922(g) conviction, Henry now appeals the 12-month prison sentence imposed on his guilty plea to violating supervision by unlawfully possessing a controlled substance. See 18 U.S.C. § 3583(e)(3), (h). Henry contends that the sentence, one month above the top of his five-to-eleven month advisory Guidelines range, was substantively unreasonable. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Where, as in this case, a defendant identifies no procedural error in sentencing, we accord considerable deference to a district court's choice of sentence, mindful that a range of sentences, not limited to the Guidelines range, can be reasonable in a given case. See United States v. Jones, 531 F.3d 163, 178 (2d Cir. 2008). We will identify a sentence as substantively unreasonable only if it falls outside that broad range. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). That is not this case.

2

Even if, as Henry contends, his supervision violation, i.e., the possession of seven small bags of marijuana, were not to be viewed as egregious conduct in the abstract, the district court was entitled to consider it as such—at least to the extent of a one-month variance from the Guidelines range—given Henry's possession of the marijuana in the Probation Office when reporting for supervision. Such action indicates a bold disregard both for the law and for the supervision intended to assist Henry in living a law-abiding life. Further, after arraignment on the violation, Henry missed several Probation reporting appointments and court appearances, and was a fugitive for approximately a year. Even without regard to Henry's arrests during this time for relatively minor infractions of state law, these circumstances preclude us from concluding that a 12-month sentence was outside the range of reasonableness in this case. See United States v. Cavera, 550 F.3d at 189.

United States v. Sindima, 488 F.3d 817 (2d Cir. 2007), on which Henry relies is not to the contrary. The district court here adequately explained its sentence. See United States v. Verkhoglyad, 516 F.3d 122, 136 (2d Cir. 2008) (stating that explanation required by Sindima for non-Guidelines sentence need not be "extensive or detailed"). Moreover, the record confirms the district court's consideration of the mitigating factors that Henry emphasizes on appeal. Thus, we conclude that Henry's reasonableness challenge to his sentence is meritless.

We have considered Henry's remaining arguments on appeal and conclude that they

are without merit.   Accordingly, the order of the district court is AFFIRMED.

                  FOR THE COURT:
                  CATHERINE O'HAGAN WOLFE, Clerk of Court